UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ADEFEL JOSE VIERA ZUE, | ) | CASE NO.   4:26-CV-00345 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| MERRICK GARLAND,[1] *et al.*, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |

Before the Court in this 28 U.S.C. § 2241 federal habeas corpus matter (R. 1) are

multiple motions asserted *pro se* by Petitioner's wife and next friend, Dayana Carolina de la

Victoria Navarro. Specifically, she seeks: (1) an order for Petitioner's immediate release (R.2),

(2) expedited consideration of the petition and related motions (R. 3), and an emergency

temporary restraining order under Fed. R. Civ. P. 65 prohibiting Respondents from moving,

transferring or deporting Petitioner from his current place of detention at the Northeast Ohio

Correctional Center pending further order of the Court. R. 4. While Movant states that

Respondents were served at the time the Petition and related motions were filed, *see*, R. 1, Page

ID#: 6, none of the Respondents have yet filed an appearance or otherwise responded to the

Petition or the related motions.

The underlying facts, as related in the Petition, are that Petitioner was arrested in New

---

[1] Merrick Garland ceased being Attorney General of the United States as of January 20, 2025. Pam Bondi is currently Attorney General, as of February 5, 2025.

York on November 18, 2025, in connection with a traffic stop purportedly initiated solely by Petitioner being a passenger in a vehicle with out-of-state license plates. *Id.*, Page ID#: 2. The Petition further alleges that no warrant existed and that no probable cause was established. *Id.* The Petition contends that Petitioner was the sole financial provider for his wife and three minor children, who have consequently suffered emotional and financial hardship from Petitioner's incarceration. *Id.*

Moreover, the Petition asserts that Petitioner is mentally and physically impaired, which conditions have deteriorated since his confinement as a result of food and water rationing, consuming spoiled food and inadequate medical care. *Id.* Finally, the Petition contends that Petitioner was "actively pursuing" asylum, has no criminal record and has otherwise complied with all immigration requirements. *Id.*

Initially, it must be noted that habeas corpus under Section 2241 is limited to providing relief from unlawful imprisonment or custody and "is not available to review questions unrelated to the cause of a prisoner's detention." *Navarro-Horta v. Warden*, 2026 WL 31184, at *1 (N.D. Ohio Jan. 6, 2026) (citation omitted). Persons challenging the "conditions of their confinement," such as "the medical care they are receiving," must raise that claim in a *Bivens* action. *Id.* Thus, to the extent that Petitioner here seeks relief based on allegedly inadequate or harmful conditions of confinement, the proper action is to now dismiss such claims without prejudice subject to their being filed as part of a new civil rights action. *Id.*, at *2.

Next, as to the motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, that rule states that a court may grant a motion for a temporary restraining order without notice only if the moving party "certifies in writing any efforts made to give notice [to the non-movant] and the reasons why [such notice] should not be required." Fed. R.

Civ. P. 65(b)(1)(B). A temporary restraining order, given without prior notice to or participation by the non-moving party, is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored." *Medina-Herrera v. Noem*, 2025 WL 3182082, at *1 (W.D. Okla. Oct. 31, 2025) (internal quotation and citation omitted); *see also*, *Slave Legacy, LLC v. Son of Slave*, 2023 WL 3919317, at *2 (S.D. Ohio June 9, 2023) (before notice to non-movant can be dispensed with, the applicant "must give a certificate as to any efforts made to give notice and the reasons why notice should not be required. This certificate is in addition to the requirement of an affidavit or verified complaint setting forth the facts as to the irreparable injury which would result before the opposition could be heard.") (citing and quoting Rule 65(b) advisory committee note).

Here, the Movant has supplied no such affidavit or certificate stating both that she has made an effort to give prior notice to non-moving parties and reasons why such notice should not be required in this case. Accordingly, the motion for a temporary restraining order (R. 4) is DENIED without prejudice. Further, in light of the foregoing, consideration of the motions for immediate release (R. 2) and for expedited consideration of the Petition and related motions (R. 3) are STAYED until Respondents have entered an appearance and otherwise responded.

**IT IS SO ORDERED.**

Dated: February 13, 2026

/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge