# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ADEFEL JOSE VIERA ZUE, | ) | CASE NO. 4:26-CV-00345-DAR |
|  | ) |  |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
|  | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) |  |
|  | ) | MAGISTRATE JUDGE |
| U.S. ATTORNEY GENERAL, SECRETARY, | ) | CARMEN E. HENDERSON |
| U.S. DEPARTMENT OF HOMELAND | ) |  |
| SECURITY, DIRECTOR, U.S. | ) |  |
| IMMIGRATION AND CUSTOMS | ) | **ORDER TO SHOW CAUSE** |
| ENFORCEMENT, WARDEN ED | ) |  |
| VOORHIES, | ) |  |
|  | ) |  |
| Respondents. | ) |  |

Before the Court is Petitioner Adefel José Viera Zue's petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement at the Northeast Ohio Correctional Center. (ECF No. 1). Petitioner's wife, Dayana Carolina De La Victoria Navarro ("De La Victoria Navarro"), signed and filed the petition *pro se*, purporting to act as Petitioner's "next friend." (*Id.*). De La Victoria Navarro asserts that she has standing to bring the petition "because Petitioner is detained, mentally and physically impaired by detention conditions, and unable to meaningfully access the courts." (*Id.* at PageID #: 2). However, De La Victoria Navarro has not pled sufficient facts to support her standing as Petitioner's next friend and, even assuming she has standing, she is not entitled to proceed on Petitioner's behalf *pro se*.

Under 28 U.S.C. § 2242, a petition for a writ of habeas corpus must be "in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

> In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his

> own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas,* 495 U.S. 149, 163–64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *see also West v. Bell,* 242 F.3d 338, 341 (6th Cir.2001); *Franklin v. Francis,* 144 F.3d 429, 432 (6th Cir.1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore,* 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

*Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003). Even where a court assumes based on the parties' relationship that the next friend would act in the best interest of the individual on whose behalf she seeks to litigate, failure to demonstrate the individual's incompetence or incapacity is fatal to her ability to act as next friend. *Id.* at 267. Importantly, the burden is on the putative next friend "to *demonstrate*, not simply assert, the incompetence of the prisoner." *West*, 242 F.3d at 341 (emphasis added).

Here, De La Victoria Navarro has done nothing more than assert that Petitioner is detained and such renders him physically and mentally impaired. (*See* ECF No. 1 at PageID #: 2). However, incarcerated individuals file petitions on their own behalf in courts across the country on a regular basis and the Court sees no reason to conclude Petitioner cannot represent his own interests based simply on his detention status. Absent more, De La Victoria Navarro has failed to establish her standing to proceed as Petitioner's next friend. The Court will allow her an opportunity to rectify this deficiency.

Assuming De La Victoria Navarro can establish standing to proceed as Petitioner's next friend, she still faces another hurdle because she cannot proceed in a next friend capacity *pro se*. "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to

2

appear *pro se* where interests other than their own are at stake."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see Tonya L. Randleman, next friend of Dean L. Swain, Jr., Petitioner v. Warden Dennis Sullivan, Respondent,* No. 3:25-CV-02586, 2026 WL 391153, at *1 (N.D. Ohio Feb. 12, 2026) ("Importantly, however, a non-lawyer cannot serve as a "next friend" unless she, herself, is represented by counsel.").

In accordance with the above, within **thirty (30) days** of this Order, the parties must take one of the following actions:

1. File an amended petition signed by Petitioner **or** signed and filed by an attorney acting on his behalf; or

2. Supplement the petition to demonstrate Petitioner's inability to proceed on his own behalf and De La Victoria Navarro's standing to act as a next friend.  However, because De La Victoria Navarro is unable to proceed *pro se* on Petitioner's behalf, any supplement must be filed by counsel on her behalf.

Failure to comply with this Order may result in a recommendation that the petition be dismissed without prejudice.

Dated: February 17, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

3