**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ADEFEL JOSE VIERA ZUE, ) | CASE NO. 4:26-CV-00345-DAR |
| ) | |
| ) | JUDGE DAVID A. RUIZ |
| Petitioner, ) | UNITED STATES DISTRICT JUDGE |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | CARMEN E. HENDERSON |
| U.S. ATTORNEY GENERAL, ) | |
| SECRETARY, U.S. DEPARTMENT OF ) | |
| HOMELAND SECURITY,  DIRECTOR, ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | **REPORT AND RECOMMENDATION** |
| ENFORCEMENT, WARDEN ED ) | |
| VOORHIES, ) | |
| ) | |
| Respondents. ) | |

## I.      Introduction

On or about February 11, 2026, Petitioner Adefel José Viera Zue, through his wife Dayana

Carolina De La Victoria Navarro ("De La Victoria Navarro"), filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs

Enforcement at the Northeast Ohio Correctional Center.  (ECF No. 1).  The matter was referred to

the undersigned for preparation of a report and recommendation.  (ECF No. 6).  Because De La

Victoria Navarro has not established her standing to proceed as Petitioner's next friend and, even

assuming De La Victoria Navarro has standing, she is not entitled to represent Petitioner *pro se*, I

recommend that the Court DISMISS the petition without prejudice and DENY the pending

motions as moot.

## II.      Background

Petitioner is a Venezuelan national who was arrested in New York on November 18, 2025.

(ECF No. 1 at 1-2).  Petitioner is currently detained at the Northeast Ohio Correctional Center in

Youngstown, Ohio. (*Id.* at 1).

De La Victoria Navarro filed the instant petition on or about February 11, 2026, challenging the lawfulness of Petitioner's arrest and his prolonged detention without a bond hearing. (*Id.* at 2-4). De La Victoria Navarro signed and filed the petition *pro se*, purporting to act as Petitioner's "next friend." (*Id.*). De La Victoria Navarro asserts that she has standing to bring the petition "because Petitioner is detained, mentally and physically impaired by detention conditions, and unable to meaningfully access the courts." (*Id.* at 2).

The same day she filed the petition, De La Victoria Navarro filed (1) a motion for Petitioner's immediate release (ECF No. 2); (2) a motion to expedite consideration (ECF No. 3); and (3) an emergency motion for temporary restraining order (ECF No. 4). On February 13, 2026, the Court denied the motion for temporary restraining order without prejudice and stayed consideration of the remaining motions until after Respondents entered an appearance and otherwise responded. (ECF No. 5). The Court then referred the matter to the undersigned. (ECF No. 6).

After reviewing the petition, the undersigned concluded that De La Victoria Navarro had not pled sufficient facts to support her standing as Petitioner's next friend and, even assuming she had standing, she was not entitled to proceed on Petitioner's behalf *pro se*. (ECF No. 7). Thus, on February 17, 2026, the undersigned entered an Order to Show Cause, ordering the parties to file an amended petition signed by Petitioner or by an attorney acting on his behalf, or to supplement the petition to establish De La Victoria Navarro's standing to act as Petitioner's next friend. (*Id.* at 3). The undersigned cautioned that failure to comply with the Order "may result in a recommendation that the petition be dismissed without prejudice." (*Id.*). No response to the Order was filed and the deadline to do so has expired.

**III.     Discussion**

Under 28 U.S.C. § 2242, a petition for a writ of habeas corpus must be "in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

> In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas,* 495 U.S. 149, 163–64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *see also West v. Bell,* 242 F.3d 338, 341 (6th Cir.2001); *Franklin v. Francis,* 144 F.3d 429, 432 (6th Cir.1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore,* 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

*Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003).  Even where a court assumes based on the parties' relationship that the next friend would act in the best interest of the individual on whose behalf she seeks to litigate, failure to demonstrate the individual's incompetence or incapacity is fatal to her ability to act as next friend.  *Id.* at 267.  Importantly, the burden is on the putative next friend "to *demonstrate*, not simply assert, the incompetence of the prisoner."  *West*, 242 F.3d at 341 (emphasis added).

Here, De La Victoria Navarro has done nothing more than assert that Petitioner is detained and such renders him physically and mentally impaired. (*See* ECF No. 1 at PageID #: 2).  However, incarcerated individuals file petitions on their own behalf in courts across the country on a regular basis and the undersigned sees no reason to conclude Petitioner cannot represent his own interests based simply on his detention status.  Absent more, De La Victoria Navarro has failed to establish her standing to proceed as Petitioner's next friend.

Even assuming De La Victoria Navarro can establish standing to proceed as Petitioner's next friend, she cannot proceed in a next friend capacity *pro se*.  "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see Tonya L. Randleman, next friend of Dean L. Swain, Jr., Petitioner v. Warden Dennis Sullivan, Respondent,* No. 3:25-CV-02586, 2026 WL 391153, at *1 (N.D. Ohio Feb. 12, 2026) ("Importantly, however, a non-lawyer cannot serve as a "next friend" unless she, herself, is represented by counsel.").

Because De La Victorria Navarro has failed to establish standing to proceed, this Court lacks jurisdiction and the petition is properly dismissed.  Further, dismissal of the petition for lack of jurisdiction moots the remaining pending motions.

## IV.    Recommendation

Because De La Vitoria has failed to establish her standing to proceed as Petitioner's next friend, I recommend that the Court dismiss the petition without prejudice and deny Petitioner's pending motions for immediate release and expedited consideration, ECF Nos. 2, 3, as moot.

Dated: March 31, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).

4