**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ADEFEL JOSE VIERA ZUE, | ) CASE NO. 4:26-cv-00345 |
| | ) |
| Petitioner, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) |
| | ) |
| U.S. ATTORNEY GENERAL, | ) |
| SECRETARY, U.S. DEPARTMENT | ) **MEMORANDUM OPINION AND ORDER** |
| OF HOMELAND SECURITY, | ) |
| DIRECTOR, U.S. IMMIGRATION | ) |
| AND CUSTOMS ENFORCEMENT, | ) |
| WARDEN ED VOORHIES, | ) |
| | ) |
| Respondents. | ) |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Carmen E. Henderson. (R. 8).[1] Petitioner Adefel Jose Viera Zue, acting through his putative next friend Dayana Carolina De La Victoria Navarro, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 11, 2026, challenging Petitioner's detention by Immigration and Customs Enforcement at the Northeast Ohio Correctional Center. (R. 1). On the same day, Petitioner, through his next friend, moved for immediate release (R. 2), for expedited consideration of his petition (R. 3), and for a temporary restraining order. R. 4. On February 13, 2026, the Court, in a Memorandum and Order, denied the motion for a temporary restraining order without prejudice and stayed consideration of all other matters pending an appearance and/or a response by Respondents. R. 5. Contemporaneous to that Order, the Court referred the matter to the Magistrate Judge for a Report and Recommendation. R. 6.

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

On February 17, 2026, the Magistrate Judge initially found that De La Victoria Navarro had failed to establish her standing to appear as Petitioner's next friend, but provided her "an opportunity to cure that deficiency." R. 7, Page ID#: 41. Accordingly, the Magistrate Judge issued a show cause Order directing the Petitioner within 30 days from entry of the Order to either: (1) file an amended Petition signed by him or signed and filed by an attorney acting on his behalf, or (2) supplement the current Petition with a filing demonstrating his inability to proceed on his own behalf and De La Victoria Navarro's standing to act as his next friend. R. 7, Page ID#: 42. The Order further stated that because De La Victoria Navarro is unable to proceed *pro se* on Petitioner's behalf, any supplement must be filed by counsel on her behalf. *Id*. Moreover, the Order specifically cautioned that failure to comply with the Order "may result in a recommendation that the petition be dismissed without prejudice." *Id*.

On March 31, 2026, or more than 30 days after entry of the show cause Order, the Magistrate Judge issued an R&R recommending that since De La Victoria Navarro had not established her standing to act as Petitioner's next friend or otherwise shown her entitlement to represent Petitioner *pro se*, the Court should DISMISS the Petition without prejudice and deny the pending motions as MOOT. R. 8, Page ID#: 48. The R&R also stated that any objections to the Report and Recommendation must be filed within fourteen (14) days after being served with a copy of that document and that failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Dahl*, 928 F.3d 520, 530-30 (6th Cir. 2019). *Id*. To date, neither Petitioner nor De La Victoria Navarro have filed any objections to the Report and Recommendation.

2

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which proper objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. Regarding Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (Lioi, J.) (*citing Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. Accordingly, the Magistrate Judge's Report and Recommendation (R. 8) is hereby ADOPTED. The matter is hereby DISMISSED without prejudice and pending motions R. 2 and R. 3 are DENIED as moot.

The Court further finds that there is no basis for granting a certificate of appealability in this matter. 28 U.S.C. §2253; *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

IT IS SO ORDERED.

Date: June 3, 2026                                     s/ *David A. Ruiz*
                                                                         David A. Ruiz
                                                                         United States District Judge

4